**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| ALICIA A. EPPS,<br>    Plaintiff, | Case No. 1:22-cv-610<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| CARL LINDER, III, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, brings this action against former City of Cincinnati and FC Cincinnati officials and the United States of America challenging the demolition of public housing for the construction of a professional soccer stadium in the West End neighborhood of Cincinnati, Ohio. (Doc. 1-1). In a separately filed Report and Recommendation, the undersigned recommended that plaintiff's complaint be sua sponte dismissed under 28 U.S.C. § 1915(e)(2) as frivolous or malicious and for seeking relief from a defendant that is immune from suit.

This matter is before the Court on plaintiff's motion for preliminary injunction "to enjoin and halt further Termination Public Housing and government owned Public land reserved for person or families of Low Income." (Doc. 1-3).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief" and proof that the circumstances clearly demand it. *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (citations omitted); *Leary*, 228 F.3d at 739.

The Court finds that plaintiff has not alleged facts sufficient to warrant a preliminary injunction. For the reasons set forth in the previous Report and Recommendation, plaintiff has failed to demonstrate a substantial likelihood of success on the merits of her statutory and constitutional claims, or that she will suffer irreparable harm absent a preliminary injunction.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion for preliminary injunction (Doc. 1-3) be **DENIED.**


Date: 12/21/2022

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALICIA A. EPPS,                                    Case No. 1:22-cv-610
     Plaintiff,                                 McFarland, J.
                                               Litkovitz, M.J.
    vs.

CARL LINDER, III, et al.,
     Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).