# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ALICIA A. EPPS,                    Case No. 1:22-cv-610
      Plaintiff,                McFarland, J.
                              Litkovitz, M.J.

     vs.

CARL LINDER, III, et al.,         **REPORT AND**
      Defendants.            **RECOMMENDATION**

     Plaintiff, a resident of Cincinnati, Ohio, brings this action against former City of Cincinnati and FC Cincinnati officials and the United States of America.  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

     In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke*, 490 at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no

arguable legal basis when the defendant is immune from suit or when plaintiff claims a

violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action

has no arguable factual basis when the allegations are delusional or rise to the level of the

irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The

Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing

a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting

*Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a

claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by

a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)

(quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71

("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a

claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

2

(1986)).  Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

This is the second complaint plaintiff has filed challenging the demolition of public

housing for the construction of a professional soccer stadium in the West End neighborhood of

Cincinnati, Ohio.  (Doc. 1-1).  As recounted by the Court in plaintiff's previous action:

> On November 13, 2019, Alica A. Epps filed a pro se Complaint (Doc. 1-1), a
> Motion for a Temporary Restraining Order (Doc. 1-4), and a Motion for Copies
> (Doc. 1-3), purportedly on behalf of herself and thousands of families living in
> Cincinnati's West End neighborhood.  She named as Defendants the City of
> Cincinnati, along with several individuals in their "official capacity" who are (or
> were) affiliated either with (1) FC Cincinnati (Cincinnati's Major League Soccer
> team), including the team's CEO and President, or (2) Cincinnati's city
> government, including the Mayor and Cincinnati City Council members
> (collectively, "Defendants").  Epps's Complaint spanned 441 paragraphs and
> alleged sweeping claims of discrimination, conspiracy, and corruption by
> Defendants.  Epps alleged, for example, that Defendants engaged in a pattern and
> practice of discrimination by denying low-income families the benefits of federal
> housing programs and conspiring to profit off public land by selling it to build a
> soccer stadium. (See 11/25/19 R&R ("First R&R"), Doc. 3, #791).  She claimed
> that Defendants' alleged conduct violated (among other laws) the United States
> Constitution, the Ohio Constitution, the National Recovery Act of 1933, the Federal
> Housing Act of 1937, and the Civil Rights Acts of 1866, 1937 and 1964.  (*Id.*).

*Epps v. Lindner*, No. 1:19-cv-968 (S.D. Ohio Dec. 22, 2020) (Doc. 12).  The Court dismissed

plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which

relief may be granted.  (*Id*. at Doc. 4).  The Court subsequently denied plaintiff's motions to

3

amend the complaint, for preliminary injunction, and for leave to proceed in forma pauperis on appeal. (*Id*. at Doc. 12). Plaintiff's appeal to the Sixth Circuit Court of Appeals was dismissed for want of prosecution on October 28, 2021. (*Id*. at Doc. 24).

Nearly one year later, plaintiff filed the instant action. Plaintiff essentially realleges the claims in her original and amended complaints previously filed against the same defendants and names the United States of America as a new defendant. By plaintiff's own admission, this is the second lawsuit plaintiff has filed in the Southern District of Ohio alleging the same claims against defendants. (Doc. 1-1 at PAGEID 8). As indicated above, plaintiff's claims were dismissed against the defendants upon sua sponte screening of the original and amended complaints. An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive of the judicial process and dismissed as malicious under the authority of 28 U.S.C. § 1915(e)(2)(B)(i). *See Crenshaw v. City of Cincinnati*, No. 1:08-cv-570, 2008 WL 4137973, at *2 (S.D. Ohio Aug. 29, 2008) (and cases cited therein). As this Court has previously explained:

> "A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action." *Cummings v. Mason*, No. 1:11-cv-649, 2011 WL 2745937, at *2 (W.D. Mich. July 13, 2011) (citing *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)). Duplicative, however, does not mean identical. Although the two complaints may not "significantly differ" from one another—the focus is on "the substance of the complaint." *Id.* (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case)).

*Jabbar v. United States Postal Serv.*, No. 2:21-cv-805, 2021 WL 916653, at *2 (S.D. Ohio Mar. 10, 2021), *report and recommendation adopted,* 2021 WL 1575076 (S.D. Ohio Apr. 22, 2021). Plaintiff's instant complaint is duplicative of her previously filed complaints against the same

defendants and must be dismissed. Both complaints stem from the alleged demolition of public housing in the West End neighborhood of Cincinnati to build a soccer stadium for FC Cincinnati, a professional soccer organization. Plaintiff again alleges violations of her rights under the Fair Housing Act and United States Constitution as a result of the defendants' alleged failure to replace public housing that was demolished for the stadium construction. Therefore, plaintiff's instant complaint, which is based entirely on her previously litigated claims, should be dismissed under 28 U.S.C. § 1915(e)(2) as "frivolous or malicious." *Id*.

To the extent plaintiff seeks to bring claims against the United States of America, the complaint against the United States must be dismissed. It is well-settled that the United States is immune from suit except where such immunity has been waived by statute. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115 (6th Cir. 1988). Any waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *United States v. King*, 395 U.S. 1, 4 (1969); *Soriano v. United States*, 352 U.S. 270, 276 (1957). Absent an explicit waiver of sovereign immunity by statute, suits against the government or its agents must be dismissed. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Plaintiff has not met her burden of identifying a specific statutory provision that unambiguously waives the government's sovereign immunity in this matter. *Reetz v. U.S.*, 224 F.3d 794, 795 (6th Cir. 2000). Therefore, the Court is without jurisdiction over plaintiff's claims against the United States.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/21/2022

Karen L. Litkovitz, Magistrate Judge
United States District Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ALICIA A. EPPS,                                        Case No. 1:22-cv-610
      Plaintiff,                                   McFarland, J.
                                                       Litkovitz, M.J.

      vs.

CARL LINDER, III, et al.,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).