# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ALICIA A. EPPS,<br>    Plaintiff, | Case No. 1:22-cv-610<br>Hopkins, J.<br>Litkovitz, M.J. |
| vs. | |
| CARL LINDER, III, et al.,<br>    Defendants. | REPORT AND<br>RECOMMENDATION |

Plaintiff, a resident of Cincinnati, Ohio, sues former City of Cincinnati and FC Cincinnati officials and the United States of America. On December 21, 2022, the undersigned sua sponte reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and recommended that plaintiff's complaint be dismissed as "duplicative of her previously filed complaints against the same defendants." (Doc. 6 at PAGEID 293-94). The Court stated:

> Both complaints stem from the alleged demolition of public housing in the West End neighborhood of Cincinnati to build a soccer stadium for FC Cincinnati, a professional soccer organization. Plaintiff again alleges violations of her rights under the Fair Housing Act and United States Constitution as a result of the defendants' alleged failure to replace public housing that was demolished for the stadium construction. Therefore, plaintiff's instant complaint, which is based entirely on her previously litigated claims, should be dismissed under 28 U.S.C. § 1915(e)(2) as "frivolous or malicious."

(*Id*. at PAGEID 294). The Report and Recommendation remain pending before the District Judge.

This matter is now before the Court on plaintiff's motion for leave to file an amended complaint (Doc. 9)[1] and motion for default judgment (Doc. 11). For the reasons below, both motions should be denied.

---

[1] Plaintiff styles this motion as a one "for LEAVE to SUPPLEMENT AMENDED COMPLAINT." (Doc. 9 at PAGEID 307). No amended complaint pends before the Court; there is only plaintiff's original complaint. Therefore, the Court construes plaintiff's motion as one for leave to supplement the original complaint.

Plaintiff's motion for leave to amend the complaint seeks to "change[] Titles from 28 [U.S.C.] § 1343(3) or 28 [U.S.C.] § 1331 [t]o 28 [U.S.C.] § 1983 giving this Court jurisdiction" over "claim one." (*Id*. at PAGEID 308). Plaintiff also seek to include a claim involving her eviction. (*Id*.). As an initial matter, the Court notes that plaintiff is permitted to amend her complaint even though a Report and Recommendation to dismiss her complaint is pending. In *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the Sixth Circuit held that "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA." Still, the Court may deny leave to amend a complaint where, as here, an amendment would be futile. *See Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014). Plaintiff's proposed amendments would not allow her complaint to survive and so the motion should be denied as futile.

First, replacing the statutory section 28 U.S.C. § 1343(a)(3) with 28 U.S.C. § 1983 does nothing to save plaintiff's complaint. Section 1343(a)(3) is the "jurisdictional counterpart" of 42 U.S.C. § 1983, which provides a cause of action for violating the Constitution or statutes of the United States. *See Chapman v. Houston Welfare Rts. Org*., 441 U.S. 600, 615, 617-18 (1979). The undersigned's previous recommended dismissal of the original complaint did not rest on jurisdictional grounds involving § 1343(a)(3). Rather, the recommendation to dismiss turned on the duplicative nature of plaintiff's complaint, which alleged claims based on her once litigated claims. As the undersigned explained, "An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive of the judicial process and dismissed as malicious under the authority of 28 U.S.C. § 1915(e)(2)(B)(i)." (Doc. 6 at PAGEID 293, citing *Crenshaw v. City of Cincinnati*, No. 1:08-cv-570, 2008 WL 4137973,

2

at *2 (S.D. Ohio Aug. 29, 2008) (and cases cited therein).  Substituting 42 U.S.C. § 1983 for 28 U.S.C. § 1343(a)(3) does not change this result.

To the extent plaintiff seeks to amend her complaint to add a claim for her eviction, this Court would lack jurisdiction over such a claim.  Plaintiff does not allege any facts indicating this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) over the proposed claim.  The citizenship of plaintiff is not "diverse from the citizenship of each defendant" to ensure the necessary "complete diversity" under § 1332(a).  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale Coll.*, 385 F.2d 871, 872 (6th Cir. 1967).  Nor has plaintiff alleged any facts indicating the eviction claim involves an issue of federal law that is not duplicative of the claim she previously asserted in this Court.  *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  Therefore, amendment of the original complaint to include an eviction claim would be futile.

Plaintiff's motion for default judgment should also be denied.  Plaintiff seeks default judgment against all of the defendants on the ground they have failed to plead or otherwise defend this action.  *See* Fed. R. Civ. P. 55.  The record does not reflect that summons were served on defendants with a copy of the complaint as required by Fed. R. Civ. P. 4(c).  Therefore, the time for filing an answer has not yet begun as to any defendant.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (a defendant must serve an answer within 21 days after being served with the summons and complaint).  Nor has the Court ordered service of process on any defendant because a Report and Recommendation to dismiss plaintiff's complaint is pending before the District Judge.  *See* Fed. R. Civ. P. 4(c)(3).  Therefore, default judgment is not warranted at this

time.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion for leave to file an amended complaint (Doc. 9) be **DENIED**.

2. Plaintiff's motion for default judgment (Doc. 11) be **DENIED**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 5/22/2023

Karen L. Litkovitz, Magistrate Judge
United States District Court

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALICIA A. EPPS,  Case No. 1:22-cv-610
    Plaintiff,  Hopkins, J.
                                          Litkovitz, M.J.
  vs.

CARL LINDER, III, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).