UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALICIA A. EPPS, *Plaintiff*, v. UNITED STATES OF AMERICA, *et al.*, *Defendants*. | Case No. 1:22-cv-610-JPH-KLL<br><br>Judge Jeffery P. Hopkins |

**ORDER ADOPTING REPORT AND RECOMMENDATIONS (DOCS. 5, 6, & 13) AND OVERRULING OBJECTIONS (DOCS. 8 & 14)**

This matter is before the Court on the following Report and Recommendations issued by Magistrate Judge Karen L. Litkovitz:

- The Report and Recommendation issued December 21, 2022 that recommends denial of Plaintiff's motion for a preliminary injunction (Doc. 5) (the "**First R&R**");

- The Report and Recommendation issued December 21, 2022 that recommends dismissal of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) as "frivolous or malicious" (Doc. 6) (the "**Second R&R**"); and

- The Report and Recommendation issued May 22, 2023 that recommends denial of Plaintiff's motion for leave to file an amended complaint and motion for default judgment (Doc. 13) (the "**Third R&R**").

Plaintiff has objected to each R&R. *See* Docs. 8 & 14. The Court has carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and has considered *de novo* all the filings in this case. Having done so, the Court determines that Plaintiff's objections should be overruled and all three of the Reports and Recommendations should be adopted.

As the Magistrate Judge explains in the Second R&R, this is Plaintiff's second complaint challenging the demolition of public housing in the West End neighborhood of

Cincinnati, Ohio, to make way for the construction of a soccer stadium. That complaint, filed in 2019, was dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. *See Epps v. Lindner*, No. 1:19-cv-968 (S.D. Ohio. Dec. 22, 2020) (Cole, J.). Plaintiff points to some differences in the two complaints,[1] but the Court finds that this Complaint is "materially on all fours with" the complaint in Plaintiff's 2019 case. *Hudson v. Hood*, No. 17-1455, 2018 WL 5294849, at *1 (6th Cir. Aug. 28, 2018) (quoting *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997)). The Complaint is accordingly duplicative of Plaintiff's earlier action, and the Magistrate Judge's Second R&R properly recommends dismissal of the complaint as frivolous. *Id.*; *see also Jabbar v. U.S. Postal Serv.*, No. 2:21-CV-805, 2021 WL 916653, at *2 (S.D. Ohio Mar. 10, 2021), *report and recommendation adopted,* No. 2:21-CV-805, 2021 WL 1575076 (S.D. Ohio Apr. 22, 2021).

As to the First R&R, the Magistrate Judge's recommendation to deny Plaintiff's motion for a preliminary injunction is well-taken. The Court has reviewed the motion and filings *de novo* and likewise finds that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits and irreparable harm. Plaintiff's assertions in her objection that she has "a chance at success on the merits" and that residents of the West End neighborhood do not like the traffic, lights, noise, and crowds created by the soccer stadium do not warrant the extraordinary relief of a preliminary injunction. *See* Doc. 8 at 3–4. In any event, Plaintiff's request for a preliminary injunction is mooted in light of the Court's finding that this case must be dismissed.

---

[1] Plaintiff asserts that her complaint in this action, which she identifies as an Amended Complaint, "differs from original Complaint [in the 2019 case] which did not state a claim for Relief, Plaintiff asked for 2 Billion Dollars in Declaratory Relief in the closing, and also removed from Amended Complaint leaving blank the amount for Declaratory judgement Plaintiff also removed my mother Shirley Colbert and Marquisa Jones as witnesses, also removed information about my evictions at this time Plaintiff adding this evidence back including exhibit aa[.]" Doc. 8 at 1–2.

2

Finally, the Court finds that the Third R&R should a be adopted. Plaintiff's proposal to amend the complaint by (1) changing the statutory references of 28 U.S.C. §§ 1343(a) and 1331 to 28 U.S.C. § 1983 and (2) including evidence concerning Plaintiff's history of evictions will not cure the underlying issues with the Complaint. The Magistrate Judge properly found that amendment would be futile and the motion for leave to amend should be denied. The Third R&R also properly recommended denial of the motion for default judgment (Doc. 11), as Defendants, who have not been served with a summons and complaint, are not in default.

Accordingly, the Court hereby **ADOPTS** the First R&R (Doc. 5), the Second R&R (Doc. 6), and the Third R&R (Doc. 13) in their entirety. It is hereby **ORDERED** that:

1. Plaintiff's motion for preliminary injunction (Doc. 1-3) is **DENIED**;
2. Plaintiff's motion for leave to file an amended complaint (Doc. 9) is **DENIED**;
3. Plaintiff's motion for default judgment (Doc. 11) is **DENIED**; and
4. Plaintiff's complaint (Doc. 1) is **DISMISSED**.

For the reasons stated in the R&Rs and herein, and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would not be taken in good faith, and the Court therefore **DENIES** Plaintiff leave to appeal *in forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999). This case shall be **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Dated: August 21, 2023

Hon. Jeffery P. Hopkins
United States District Judge